```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT
```

LENWARD STATHAM,                       :
        Plaintiff,                     :
                                       :
             v.                        :     File No. 1:05-CV-88
                                       :
UNITED SALES & LEASING                 :
COMPANY, INC. d/b/a PATH TRUCK         :
LINES, et al.,                         :
        Defendants.                    :
_____:

### RULING ON DEFENDANT'S MOTION TO DISMISS
### (Paper 122)

The issue of subject matter jurisdiction has been placed front row center by Defendant United Sales & Leasing Company, Inc. d/b/a Path Truck Lines' ("Path") motion to dismiss.[1] (Paper 122). For the reasons that follow, the Court concludes that this case is dismissed without prejudice to refile in state court, if Plaintiff so chooses.

This case stems from a Connecticut vehicle accident in which Plaintiff sustained property damage to his tractor without accompanying personal injury. Plaintiff's decision to file in federal court based on diversity of citizenship triggers 28 U.S.C. § 1332(a)'s requirement that the matter in controversy

---

[1] A challenge to subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. See Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000).

exceed $75,000.  Plaintiff clearly concedes that if successful on his claims, he would be entitled to recover $29,000 - $34,000 which includes: "(1) the market value of his tractor immediately before and after the accident; and (2) the reasonable cost of renting a substitute vehicle for the time it took for repairs to be made."  (Paper 124 at ¶ 12).  Thus, Plaintiff is attempting to cross the $75,000 jurisdictional divide between state and federal court by his claim for punitive damages against corporate defendant Path.  (Paper 124 at ¶¶ 13-16).

   A good faith claim for punitive damages may be considered in determining the amount in controversy.  See Bernshteyn v. Feldman, 2006 WL 2516514, at *5 (S.D.N.Y. Aug. 29, 2006).  But where as here, punitive damages are used to satisfy the jurisdictional requirement, they are reviewed with greater scrutiny than claims for actual damages.  Id.  This is so because federal courts are courts of limited jurisdiction; litigants are not granted automatic admission to the federal docket simply by virtue of a request for some indeterminate amount of punitive damages.  Therefore, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore

colorable for the purpose of conferring jurisdiction, the suit will be dismissed." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

One need not even scratch the razor-thin membrane of Plaintiff's indeterminate punitive damage claim to reveal the empty insides.  In Vermont, a plaintiff may recover punitive damages against a corporation for the actions of its employees (as Plaintiff is attempting to do here) "only when the 'malicious or unlawful act relied upon [was] that of the governing officers of the corporation or one lawfully exercising their authority, or, if the act relied upon [was] that of a servant or agent of the corporation, it [is] clearly shown that the governing officers either directed the act, participated in it, or subsequently ratified it.'"  Vescio v. Merchants Bank, 272 B.R. 413, 439-40 (D. Vt. 2001) (quoting Shortle v. C.V.P.S., 137 Vt. 32, 33 (1979)); see also Brueckner v. Norwich Univ., 169 Vt. 118, 130 (1999).  Here, however, Plaintiff has not pled (or been able to muster any proof or argument) that a governing officer of Path either performed the alleged malicious act, or directed, participated, or ratified it.  In the face of the governing law defining punitive damages, it therefore appears to a legal

certainty that Plaintiff cannot recover punitive damages against Path.

Accordingly, subject matter jurisdiction is lacking and this case is DISMISSED without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day February, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge